FILED

2016 May-16  PM 02:40
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

FILED

2016 MAY 16  A 11: 54

U.S. DISTRICT COURT
N.D. OF ALABAMA

Inmate Identification Number: **3 0 1995**

**JAmes DonAld NYE**

(Enter above the full name of the plaintiff
in this action)

---

> **NOTICE TO FILING PARTY**
>
> *It is your responsibility to
> notify the clerk in writing of any
> address change.*
>
> *Failure to notify the clerk may
> result in dismissal of your case
> without further notice.*

---

vs.

**Tim Riley**

**mARkitA shaw**

**Romona Rodgers**

**Suzie mCCoy**

(Enter above full name(s) of the defendant(s)
in this action)

CV-16-K-0806-M

I.    Previous lawsuits

    A.    Have you begun other lawsuits in state or federal court(s) dealing with the
    same facts involved in this action or otherwise relating to your imprisonment?
    Yes ( **✗** )        No ( )

    B.    If the answer to (A) is "yes," describe each lawsuit in the space below. (If there is more
    than one lawsuit, describe the additional lawsuit(s) on another piece of paper, using the
    same outline.)

        1.    Parties to this previous lawsuit:

        Plaintiff:    **JAmes DonAld NYE**

        Defendant(s):    **mARshAll County JAil**

2. Court (if Federal Court, name the district; if State Court, name the county)

NoRthern DistRic oF AlaBama

3. Docket number  4:15-cu-1419-RDP-TmP

4. Name of judge to whom case was assigned  DAvid PRoctoR

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?)  Dismissed

6. Approximate date of filing lawsuit  Auc 24, 2015

7. Approximate date of disposition  Sept. 28, 2015

II.   Place of present confinement  KilBy ceRRectional FAcility

A.   Is there a prisoner grievance procedure in this institution?
Yes (X)      No ( )

B.   Did you present the facts relating to your complaint in the state prisoner grievance procedure?      Yes ( )      No (X)

C.   If your answer is YES:

1.   What steps did you take? _____

2.   What was the result? _____

D.   If your answer is NO, explain why not:  The oFFendes took place in mARshAll county + At the mARshAll County county punishment + coRRections Authority

III.   Parties.

In item (A) below, place your name in the first blank and place your present address in the second blank.

A.   Name of Plaintiff(s)   JAMes Donald NYE

Address   C/o Tracie Hodges
P.O. Box 494   Decatur, AL 35602

In item (B) below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item (C) for the names, positions, and places of employment of any additional defendants.

B.   Defendant   mARKitA   shAw

Is employed as   DiRectoR

at   mARshAll county punishment + correctioNs (IE) woRK ReleAse

C.   Additional Defendants   Tim Riley, ciRcuit coRt Judge, HeAd of BoARd FoR
woRK ReleAse
mARshAll county, PomeNA RodgeRs, (AssitANt
DiRectoR) mARshAll county punishment + collectioNs
Suzie mCCoy, (Book keepeR) mARshAll punishment + coRRetioNs

IV.   Statement of Claim

State here, as briefly as possible, the FACTS of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates and places. <u>Do not give any legal arguments or cite any cases or statues.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets, if necessary.

See Attached Documents

_____

_____

_____

_____

V.    RELIEF

State briefly <u>exactly</u> what you want the court to do for you.  Make no legal arguments.  Cite no cases or statues.

See attached documents. _____

_____

_____

_____

_____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___May 12, 2016_____.

_____
SIGNATURE

ADDRESS %  Tracie Hodges

P.O. Box 494

Decatur, AL 35602

AIS # 301995

## **Brief**

On November 9, 2015, the Plaintiff was sentenced to 10 years, split 24 months, to serve at Marshall County Punishment & Corrections Authority, i.e. Work Release, case #15-203. (See Document #1) The sentence was to run concurrently with each count and any other existing sentence.

The following day, November 10, 2015, the Plaintiff was transported to Blount County, and the Hon. Steven King sentenced him to 132 months, split 12 months, to serve in the Community Corrections, with time served on November 14, 2015. (See Document #2) The Plaintiff was given 365 days jail credit on November 14, 2015, and the sentence was to run concurrently with all cases, State and Federal Jurisdiction. The Plaintiff also has a federal sentence of 21 months to serve in the BOP, case #5:08-CR-394-RDP-JE0-1. (See Document #3) The sentence was imposed on May 6, 2015. All the state sentences are run concurrently with the federal sentence.

The Plaintiff was to be placed in the custody of the Blount County Sheriff's Department, to serve four days in the Blount County Jail. After serving the four days, the Blount County Sheriff's Department was to contact the U.S. Marshall's office to pick up the Plaintiff and transport him to the BOP.

However, the Plaintiff was taken from Judge King's court on November 10, 2015, by the Marshall County Sheriff's Department, without any authority from the Blount County court or the Blount County Sheriff's Department. Back at the Marshall County Jail, on November 20, 2015, the Plaintiff was transported to the Marshall County Work Release to serve a 24-month sentence.

When the Plaintiff got to Work Release, he contacted his attorney in Blount County and informed him that he was being held there. His attorney advised him that he was not supposed to be in Marshall County at all, because the sentence imposed in Blount County overrides the sentence imposed in Marshall County. The Plaintiff's attorney in Blount County advised him he would be sending the Plaintiff a certified copy of Judge King's order, and for the Plaintiff to talk to someone about the problem.

At Work Release, the Plaintiff asked to speak with Mrs. Ramona Rodgers, the Assistant Director of Work Release, about the problem. Mrs. Rodgers handed him an envelope that was already opened. The document was a legal letter from the Plaintiff's attorney in Blount County, dated November 30, 2015. The Plaintiff noticed a copy of his letter laying on Mrs. Rodgers' desk. He asked her why his legal mail had been opened. Her reply was that all mail was opened, and inside the envelope was Judge King's order from Blount County. The Plaintiff gave Mrs. Rodgers all copies of his sentences, state and federal. He tried to explain to her that it was a mistake for him the be at Work Release, because he should be in Blount County serving his four days as Judge King had ordered. Mrs. Rodgers replied by saying, "Why should I or Marshall County recognize another judge's order - from Blount County, or any other jurisdiction, state or federal?" Mrs. Rodgers informed the Plaintiff he was stuck at Marshall County and he had two choices: either get a job or he would be placed back in the County Jail.


**UNITED STATES POSTAL SERVICE** ®

# CUSTOMER'S RECEIPT

| SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION | | KEEP THIS RECEIPT FOR YOUR RECORDS |
|---|---|---|
| **NOT NEGOTIABLE** | Pay to U.S. District Court for Northern District of AL<br>Address 1729 5th Ave N.<br>Birmingham, AL 35203 | |

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 23348146296 | 2016-05-11 | 356010 | $400.00 | 10 |

The Plaintiff gained employment at Koch Food in Collinsville, AL, on December 14, 2015, as a maintenance tech.  While at Work Release, the Plaintiff was drug tested every week, which is standard procedure for Work Release.  However, on several occasions, he was charged for more than one test per week.  (See Documents #5-7)

As you can see, there are many extra charges for tests that were not done.  Also, the Plaintiff was charged a $25/week smoking charge.  He is not a smoker, so that was an overcharge for over a four-month period.  He asked the Work Release authorities about the overcharges, and they replied they would look into it, but they never did.

On November 26, 2015, the Plaintiff received a receipt #16-1331, stating he owed $42.859.31, with Admin Fees of $9,890.61.  (See Document #4) In Judge Riley's order (See Document #1), it states that the Plaintiff is to pay $20,000 to Citizens' Bank and $12,000 to Vantage Bank, along with court costs of $968.70 only.  According to the judge's order, the Plaintiff has 90 days after release to pay these amounts.  This is another overcharge.

On February 27, 2016, the Plaintiff was injured at work.  He stayed in the hospital for a 10-day period.  He was admitted for chemical pneumonia, that was induced by inhaling Peracetic Acid.  This was kept at the plant where he was employed.  Also, the injury has other existing complications which are still hindering the Plaintiff.

The Plaintiff returned to Work Release on March 7, 2016, and was taken to his employer by Work Release on the same day he was released from the hospital to fill out paperwork about the incident.  He was told by his employer that it would be turned over to their Workman's Comp carrier.  The Plaintiff was returned back to Work Release.  He had several doctors' appointments with specialists about his illness, along with several very expensive prescriptions that needed to be filled.

When the Plaintiff returned to the Work Release Center, he was informed that Mrs. Markita Shaw, the Work Release Director, wished to speak with him.  Mrs. Shaw informed him she would not get any of his prescriptions filled, and he should use his Blue Cross insurance to get his medications filled.  The Plaintiff was taken to Boaz Discount Drugs to get the prescriptions filled.  When he spoke with the manager, he was advised that Blue Cross would not pay for them, because it was a Workman's Comp claim.  He was told if he tried to get the prescriptions filled through Blue Cross, the insurance company may cancel his insurance.  The Plaintiff returned to Work Release, and explained all this to Mrs. Shaw.  She restated that she was not going to pay for any of the Plaintiff's medications.  The Plaintiff emphasized once again that it was the responsibility of Workman's Comp to pay for the medications he needed.

Mrs. Shaw told the Plaintiff again that she would not be getting his prescriptions, and told him to go to his rack and lay down.  The Plaintiff had to go to the ER several times because of his illness, and also because he was refused his meds.  He was getting sicker instead of better.

On March 12, 2016, the Plaintiff asked to speak with Mrs. Suzie McCoy to fill out his paperwork for his *Forma Pauperis*.  Mrs. McCoy told the Plaintiff she would not fill it out, and she threw the forms in the trash in front of him.  The Plaintiff then explained to her that he needed the paperwork for the federal courts, and she told him she didn't care what court it was for!

The Plaintiff put in several requests to speak with Mrs. Shaw, but they were ignored.  He waited one week, to see if Mrs. Shaw or his employer would do something for him regarding his illness.  After the wait, he contacted an attorney in Huntsville, AL, to handle the Workman's Comp case.  The Plaintiff's attorney, Mr. Wayne Wolf, came to visit him at Work Release on the morning of March 14, 2016.  Mr. Wolf took the case and informed the Plaintiff he would be filing suit within the week.

On the evening of March 14, 2016, the Plaintiff was given a court order from Judge Tim Riley, ordering the Plaintiff be removed from the Marshall County Work Release and placed in the Marshall County Jail to await transport to the Alabama Department of Corrections for not complying with Work Release.  At that time, the Plaintiff was in full compliance with Work Release.  He was still gainfully employed and would be getting Workman's Comp pay until he could return to work.  On April 15, 2016, the Plaintiff was sent to Alabama DOC, without a hearing about being removed from Work Release.  Because of these actions by Judge Tim Riley, the Plaintiff was refused medical treatment, and a big hardship was placed on his Workman's Comp claim.

On April 10, 2016, the Plaintiff filed a motion in Judge Tim Riley's court to have all his jail credit applied to his sentence.  Judge Riley denied the motion without any explanation or even hearing on the matter.

## Statement of Claim

### Defendants Markita Shaw, Director of Work Release; and Ramona Rodgers, Assistant Director of Work Release:

November 30, 2015

Ramona Rodgers, Assistant Director of Work Release, has opened and copied legal mail that pertains to the Plaintiff's case in Marshall County and Blount County, giving the Defendant an unfair legal advantage.

### Defendant Markita Shaw, Director of Work Release:

November 2015

The Plaintiff has been overcharged for drug tests on several occasions. (See Documents #5-7) The Defendant has failed to show why so many drug testing charges were taken out of the Plaintiff's account, when the Plaintiff was supposed to be tested once a week. Defendant has also charged the Plaintiff a $25/week smoking fee. However, the Plaintiff is a non-smoker.

### Defendants Hon. Tim Riley, Circuit Court Judge and President of Work Release Board; Markita Shaw, Director of Work Release; and Ramona Rodgers, Assistant Director of Work Release:

December 2, 2015

The Defendants have held the Plaintiff at Marshall County Work Release, despite an order given to them by a circuit court judge in Blount County, who is in good standing in the State of Alabama. (See Document #2) The order stated that the Plaintiff should be in Blount County serving his four days, and would then be released to US Marshalls and the BOP. This has caused the Plaintiff severe mental and physical anguish.

### Defendant Hon. Tim Riley, Circuit Court Judge and President of Work Release Board:

February 26, 2016

The Defendant changed his order without a restitution hearing. (See Document #1) The order states that the Plaintiff is to pay $20,000 to Citizens Bank and $12,000 to Vantage Bank, and court costs of $968.70, to be paid 90 days after release. The order does not impose an admin charge of $9,890.61. (See Document #4) The changing of this order has caused a great burden on the Plaintiff.

### Defendant Markita Shaw, Director of Work Release:

March 7, 2016

Defendant interfered with the Plaintiff's medical treatment and care by refusing to turn the Plaintiff's prescriptions in to his employer. The Defendant also encouraged the Plaintiff to use his Blue Cross insurance to fill the prescriptions. Because this was a Workman's Comp claim, filling these prescriptions on his Blue Cross could have resulted in cancelation of his policy.

The Defendant also interfered with the Plaintiff's Workman's Comp claim by having him removed from Work Release, to avoid any responsibility away from Work Release. By doing so, these actions have prohibited the Plaintiff from getting the medical treatment he needed, and still needs. The Defendant has caused a great hindrance to the Plaintiff's Workman's Comp case.

### *Defendant Suzie McCoy, Work Release Bookkeeper:*

March 12, 2016

Defendant was asked to fill out the Plaintiff's *Forma Pauperis* forms, so he could file his complaint. The Defendant told the Plaintiff that she would not fill out any paperwork, and threw the paperwork in the trash. The Plaintiff stressed to the Defendant that he needed the information for the federal court. The Defendant stated she did not care what court needed it, she was not going to do it. These actions have caused a great burden to the Plaintiff, mentally and financially.

### *Defendant Hon. Tim Riley, Circuit Court Judge and President of Work Release Board:*

March 14, 2016

The Defendant ordered the Plaintiff be removed from Work Release and placed in the Marshall County Jail, awaiting transport to the Alabama Department of Corrections. This was done without a hearing, while the Plaintiff was in full compliance with Work Release. (See Document #9) This action has caused great harm to the Plaintiff's health and has interfered with his medical treatment. It has also greatly interfered with his Workman's Comp claim and suit. The Defendant has changed his order, once again without a hearing. (See Document #1) The order states the Plaintiff was to be placed on Work Release at Marshall County, not sent to the Department of Corrections.

April 10, 2016

The Plaintiff filed a motion to have all his jail credit applied to his sentence. The Defendant denied the motion without a hearing or any explanation. The Plaintiff has 354 days' credit owed to him. (See Document #10) This has caused a great burden on the Plaintiff, both mentally and physically.

## Statement of Relief

1. Have the Plaintiff removed from the Alabama Department of Corrections and place him in the custody of the Blount County Sheriff's Department, so he can serve his four days as stated in his court order (Case #CC-15-033). After the Plaintiff has completed his sentence, have him put in the custody of the US Marshalls and be transported to the BOP to serve the remainder of his sentence there (Case #5:08-CR-394-RDP-JEO-1).
2. Allow the Plaintiff to have a civil action against all Defendants who held him at the Marshall County Work Release against a judge's order (Case #CC-15-033).
3. Have all of the Plaintiff's jail credit applied to his sentence in Marshall County (Case #15-203).
4. Have the Defendants correct the fees in Case #15-203 (See Documents #1 and 4).
5. Allow the Plaintiff to have a civil action against all Defendants who interfered with his Workman's Comp action and suit, and also hindered his medical treatment.
6. Allow the Plaintiff to have a civil action against all Defendants who opened and copied his legal mail, and have the court investigate why all legal mail is opened at the Marshall County Work Release.
7. Allow the Plaintiff to have a civil action against all Defendants who overcharged him for drug testing and charged him the smoking fee, which did not apply to the Plaintiff as he is a non-smoker.
8. Award all judgments to the Plaintiff and compensate him in the amount of $2,000,000 for all the wrongs committed against him, which have caused him severe mental and physical anguish and suffering.
9. The Plaintiff begs the court to instigate a thorough investigation into all practices and procedures of the Marshall County Work Release Program.
10. The Plaintiff also requests of the court to make sure the Marshall County Work Release is in full compliance with the Alabama Department of Corrections Work Release Programs, as there is no food supplied or any medical treatment offered if you are a state inmate at the Marshall County Work Release.


**The Plaintiff thanks the court for any and all consideration.**

| State of Alabama Unified Judicial System 05/15/2015 (as amended by Judge Jolley for local use) | *Case Action Summary – Continuation* **FELONY SENTENCING ORDER** Page One of Two | Case Number CC 15- 203 |
|---|---|---|

**IN THE CIRCUIT COURT OF MARSHALL COUNTY, ALABAMA**

*3/14/19; 2 year Cd Stb*

**STATE OF ALABAMA v.** James Donald Nye, II (4/5 yold) *for Michael (Steven) Co*

The Defendant appears in court for sentencing with counsel, John Paul Burson, and having pled or been found guilty, is **adjudicated** guilty of I - Theft + TOP 1st by Deception, as charged/ embraced/amended in Count(s) 1 + 7 of the Information/Indictment. **All other Counts dismissed.**
A **Presentence Report** ☐ is considered by the Court ☒ is waived ☐ will be considered at probation hearing.
Having been given an opportunity to say why sentence should not now be imposed, the Defendant is hereby **sentenced** to a term of 120 months in the custody of :
☒ Department of Corrections  ☐ D.O.C. at Marshall County Community Corrections Work Release  ☐ County Jail.
The Defendant shall be given **jail credit** in an amount of 1 day (or) as certified by the Court Clerk.
The sentence shall run ☐consecutively ☒concurrently, with each count + any other existing

**I.   SENTENCE LENGTH DETERMINATION** plea to Ct 1 & Ct 7 with all other cts sentence Dismissed. JR

A. This is a sentencing event covered by the sentencing standards. ☐Yes ☒No (If no, go to paragraph B).
   1. The Court has considered the worksheet recommendations.  ☐Yes   ☐No
   2. The recommended sentence disposition is ☐ Prison  ☐ Non-Prison.
   3. The recommended sentence length is _____ to _____ months (total); _____ to _____ months (incarceration portion, if split).
B. Because this sentence is not imposed under the sentencing standards, the following enhancements apply:
   1. ☐Habitual Offender Act; the Court finds the Defendant has been duly convicted of _____ prior adult felony offense(s) and had reasonable notice of the State's intention to seek enhancement under this Act
   2. ☐Firearm or Deadly Weapon enhancement
   3. ☐ _____

**COURT COSTS. FINES, ASSESSMENTS, FEES & RESTITUTION**
A. The Defendant shall pay to the Court Clerk:
   ☒Court Costs. ☐ Bail Bond Fee of $_____. (3.5% or $150.00, whichever is higher) {Act 2012-535, §2(a)(1)(b)}
   ☐Fine of $_____
   ☒Alabama Crime Victims Compensation Assessment of $ 50 .
   ☒Appointed Attorney Fees of $ 750 .
   ☒Restitution (jointly & severally with any co-defendant) to Citizens Bank of Marshall Count
   of $ 20,000  ☐ in an amount to be determined by further hearing on _____
   ☒ Restitution to Vantage Bank of $12,000 /Vantage Bank of Albertville
B. The following are remitted: _____

**This case will be set for periodic review of payment of Court Costs, Fines, Assessments & Restitution.**
**The first review date is at 9:00 a.m. on _____, 201_____**
**at the Marshall County Courthouse located in Guntersville, Second Floor, Courtroom #1.**

**III.** ☐ **DRUG OFFENSE** – The Defendant shall surrender all Driver's Licenses to the Department of Public Safety for suspension, pay CRO Fees, successfully complete a Substance Abuse Program, pay the Forensic Science Trust Fund fee of $100, and pay the Drug Demand Reduction Assessment of $____,000 which may be suspended pursuant to Section 13A-12-28 *Code of Alabama 1975.*

**IV. PAYMENT**
   A. The full amount shall be paid: ☐ in full by _____ ☒ in full within 90 days of release ☐ in installments in an amount as set by the Probation Officer. ☐ in installments in the amount of $_____ each month with the first payment on _____ and on or before the same day each month thereafter.
   B. Payment shall be a condition of probation, parole, community corrections, work release, SIR, SRP or any other release program.
   C. ADOC or the Sheriff, if the inmate is incarcerated in the county jail, shall collect monthly _____% of the inmate's institutional account and forward payments to the Court Clerk at least once every three months.
   D. ☐ Court Clerk shall apply payments to restitution first.

| State of Alabama Unified Judicial System 04/30/2014 (as amended by Judge Jolley for local use) | Case Action Summary – Continuation FELONY SENTENCING ORDER Page Two of Two | Case Number CC 15 - 203 |
| --- | --- | --- |

## V. DISPOSITION

❑ This is a **straight** sentence to be served.

❑ This sentence is **suspended**. The Defendant is placed on straight probation for a term of _____ months. The Defendant shall abide by all conditions, rules and regulations of the supervising agency and those specifically noted in this Order. This probation shall be supervised by:
  ❑ State Probation  ❑ Marshall County Community Corrections ❑ _____ ❑ Unsupervised.

☒ This is a **split** sentence. The Defendant shall serve a term of __2 4__ months, in the:  / Marshall
  ❑ Department of Corrections  ☒ D.O.C. at Marshall County Community Corrections ❑ County Jail /OR Count
  ❑ _____, beginning on _____.            Com. Correct
                                                                          Work Rel
  ❑ The Court may reconsider the split portion of this sentence after the defendant completes    Center
    ❑ ADOC Substance Abuse Program ❑ _____

Following incarceration, the unserved portion of the sentence shall be suspended and the defendant shall be placed on probation for a term of __6 0__ months.

The Defendant shall abide by all conditions, rules and regulations of the supervising agency and those noted in this Order. This probation shall be supervised by:
  ☒ State Probation  ❑ Marshall County Community Corrections ❑ _____
  ❑ Unsupervised.

## VI. SPECIAL CONDITIONS

The Defendant shall fulfill every item marked as a special condition of probation, community corrections or other such program.

❑ Enroll in, cooperate fully with, and successfully complete all of the following marked programs as directed by any supervising agency, and file proof of completion with the supervising agency:

❑ Anger Management Training
❑ Life Skills Training
❑ Domestic Violence Education/Treatment
❑ Mental Health Evaluation/Treatment
❑ Parenting Skills Training

❑ Sex Offender Evaluation /Treatment
❑ Comply with S.O.R.N.A.
❑ Substance Abuse Evaluation/Treatment
❑ Drug Court Phase I / Phase II
a Not eligible for MCCC privileges including weekend passes, etc.

❑ Avoid initiating any contact with _____
❑ Complete _____ hours of community service at Marshall County Community Corrections.
❑ Defendant shall be released from custody this date and is ORDERED to report to the Marshall County Probation Officer within 3 business days of his release date.
❑ Defendant has hold(s) from _____

## VII. APPEAL

The Defendant pled guilty and for appeal ☒ did not reserve any issues      ❑ reserved these issues:
_____

## VIII. DISTRIBUTION OF COPIES

If the conviction is a sentencing standards worksheet offense (see I.A.), the Court Clerk shall forward to the Alabama Sentencing Commission within 45 days of this Order a copy of this Sentencing Order and a copy of the Sentencing Standards worksheet in this case.

Copies of this order were provided to the parties in open court.

DONE and ORDERED _Nov 9 /15_ (date) _____, JUDGE

✱ Hold for Blount Co. AL. Circuit Court Ct Date Nov 10, 2015 9AM

State of Alabama
Unified Judicial System
8-1-12

Criminal Summary Combination
FELONY SENTENCING ORDER
Page One of Two

CC-15-033

IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

STATE OF ALABAMA v. James Nye

The Defendant appears in court for sentencing with counsel, Mark Sapp, and having pled or been found guilty, is adjudicated guilty of ☒ Theft of Property 1st, under Section _____, Code of Alabama 1975, as charged/embraced/amended in Count 1 of the Information/Indictment. A Presentence Report ☐ is considered by the Court ☒ is waived ☐ will be considered at probation hearing. Having been given an opportunity to say why sentence should not now be imposed, the Defendant is hereby sentenced to a term of one hundred thirty-two (132) months (includes enhancements where applicable) in the custody of :
☒ Department of Corrections ☐ Community Corrections ☒ County Jail.
The Defendant shall be given ☐ _____ days jail credit ☐ Jail credit in an amount certified by the Court Clerk.
The sentence shall run ☐ consecutively ☒ concurrently, with all case in state & federal jurisdiction

I. SENTENCE LENGTH DETERMINATION
   A. This is a sentencing event covered by the sentencing standards. ☒ Yes ☐ No
      1. If no, go to paragraph B.
      2. If yes, the Court has considered the worksheet recommendations. ☐ Yes ☒ No
      3. The recommended sentence disposition is ☐ Prison ☐ Non-Prison.
      4. The recommended sentence length is 54 to 116 months (total); 6 to 19 months (split portion, if split).
   B. Because this sentence is not imposed under the sentencing standards, the following enhancements apply and are incorporated in the sentence imposed above:
      1. ☐ Habitual Offender Act; the Court finds the Defendant has been duly convicted of _____ prior adult offense(s) and had reasonable notice of the State's intention to seek enhancement under this Act.
      2. ☐ 5 years for the Sale of Drugs within 3 miles of a school
      3. ☐ 5 years for the Sale of Drugs within 3 miles of a housing project
      4. ☐ Firearm or Deadly Weapon enhancement
      5. ☐

II. COURT COSTS, FINES, ASSESSMENTS, FEES & RESTITUTION
    A. The Defendant shall pay to the Court Clerk:
       ☒ Court Costs. Bail Bond Fee of $_____ (Act 2012-535, §2(a)(1)b.).
       ☒ Fine of $ 100.00
       ☒ Alabama Crime Victims Compensation Assessment of $ 50.00.
       ☐ Appointed Attorney Fees of ☐ $_____ ☐ in an amount to be determined.
       ☐ Restitution (jointly & severally with any co-defendant) to _____
       of ☐ $_____ ☐ in an amount to be determined by further hearing on _____
       ☐ Restitution is reserved - State has 30 days to submit and
       Restitution to a victim other than the State of Alabama shall be paid before any funds go to D999 or future restitution and recovery assessments. deft. has 7 day to obj.
    B. The following are remitted: _____

III. ☐ DRUG OFFENSE – The Defendant shall surrender all Driver's Licenses to the Department of Public Safety for suspension, pay CRO Fees, successfully complete a Substance Abuse Program, pay the Forensic Science Trust Fund fee of $100, and pay the Drug Demand Reduction Assessment of $___ ,000 which may be suspended pursuant to Section 13A-12-284, Code of Alabama 1975.

IV. PAYMENT
    A. The full amount shall be paid: ☐ in full by _____ ☒ in installments in the amount of $25.00 each month with the first payment on 60 days after release and on or before the same day each month thereafter.
    B. Payment shall be a condition of probation, parole, community corrections, work release, SIR, SRP or any other release program.
    C. ADOC or the Sheriff, if the inmate is incarcerated in the county jail, shall collect monthly _____% of the inmate's institutional account and forward payments to the Court Clerk at least once every three months.
    D. ☐ Court Clerk shall apply payments to restitution first.

V. ☐ APPLICATION FOR PROBATION is set for a hearing on _____. Imposition of this sentence is hereby suspended and the Defendant is continued on the ☐ same ☐ $_____ bond until the hearing. A pre-sentence investigation report ☐ shall ☐ shall not be prepared.

DONE and ORDERED 11-10-15 (date) _____ JUDGE

I hereby certify the attached to be a true and correct copy as the same remains on file in the office of the Circuit Clerk, Blount County, Oneonta, Alabama.

Cindy C. Massey 11/30/15
Cindy C. Massey   Date
Circuit Clerk

FILED
NOV 12 2015
CINDY C. MASSEY
Clerk of the Court
Blount County, AL

Scanned

| State of Alabama<br>Unified Judicial System<br>8-1-12 | *Case Action Summary – Continuation*<br>**FELONY SENTENCING ORDER**<br>Page Two of Two | Case Number<br>CC-15-033 |
|---|---|---|

## ✓I. DISPOSITION

❏ This is a straight sentence to be served.

❏ This sentence is **suspended.** The Defendant is placed on straight probation for a term of _____ months. The Defendant shall abide by all conditions, rules and regulations of the supervising agency and those specifically noted in this Order.
This probation shall be supervised by:
❏ State Probation   ❏Community Corrections ❏ _____ ❏ Unsupervised.

☑ This is a **split sentence.** The Defendant shall serve a term of _Twelve (12)_ months, in the:
❏ Department of Corrections  ☑ Community Corrections  ~~County Jail~~ ❏ _____,
beginning on _11-10-14_ .
❏ The Court may reconsider the split portion of this sentence after the defendant completes
❏ ADOC Substance Abuse Program  ❏ _____ _____
Following incarceration, the unserved portion of the sentence shall be suspended and the defendant shall be placed on probation for a term of _three (3)_ ~~months.~~ years

The Defendant shall abide by all conditions, rules and regulations of the supervising agency and those noted in this Order.
This probation shall be supervised by:
☑ State Probation   ❏ Community Corrections  ❏ _____ ❏ Unsupervised.

## VII. SPECIAL CONDITIONS

The Defendant shall fulfill every item marked as a special condition of probation, community corrections or other such program.
❏ Enroll in, cooperate fully with, and successfully complete all of the following marked programs as directed by any supervising agency, and file proof of completion with the supervising agency:

❏ Anger Management Training            ❏ Parenting Skills Training
❏ Domestic Violence                        ❏ Sex Offender Evaluation /Treatment
 Education/Treatment
❏ Life Skills Training                       ❏ Substance Abuse Evaluation/Treatment
❏ Mental Health Evaluation/Treatment   ❏ _____

**FILED**

**NOV 1 2 2015**

CINDY C. MASSEY
Clerk of the Court
Blount County, AL

❏ Avoid initiating any contact with _____
❏ Complete _____ hours of community service at_____
❏ _____ .

## VIII. APPEAL

The Defendant pled guilty and for appeal  ☑ did not reserve any issues   ❏ reserved these issues:
_____ .

## IX. DISTRIBUTION OF COPIES

If the conviction is a sentencing standards worksheet offense (see I.A.), the Court Clerk shall forward to the Alabama Sentencing Commission within 45 days of this Order a copy of this Sentencing Order and a copy of the Sentencing Standards worksheet in this case.

The Court Clerk shall provide a copy of this Sentencing Order to counsel for all parties.

**DONE and ORDERED** _11-10-15_  (date) _____ **JUDGE**

Scanned

AO 245 S (Rev. 1/98)(N.D.Ala. rev.) Sheet 1 - Judgment in a Criminal Case

2015 May-06 AM 10
U.S. DISTRICT COU
N.D. OF ALABA



# UNITED STATES DISTRICT COURT
## Northern District of Alabama

UNITED STATES OF AMERICA

     v.                                Case Number 5:08-CR-394-RDP-JEO-1

JAMES DONALD NYE,

     Defendant.

# JUDGMENT AND COMMITMENT ORDER
## ON REVOCATION OF SUPERVISED RELEASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, JAMES DONALD NYE, was represented by Rick L. Burgess.

It appearing that the defendant in the above styled cause, who was convicted on March 4, 2013 and sentenced to custody for SIX (6) months and placed on supervised release for a period of 24 months, has violated the terms of supervised release, it is hereby ORDERED and ADJUDGED that supervised release be revoked and that the defendant be committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWENTY-ONE (21) months. No term of supervision shall follow the defendant's release from the Bureau of Prisons.

Incarceration fee waived due to inability to pay. Restitution in the amount of $257,123.99 reimposed.

The defendant is remanded to the custody of the United States Marshal. The court recommends to the Bureau of Prisons that the defendant be carefully evaluated for placement in any drug treatment program(s) for which he may be eligible. Further, the court recommends that the defendant be assigned to an institution as close as possible to his home in Huntsville, Alabama.

Signed this _____6th_____ day of May, 2015.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE



# DISTRICT ATTORNEY'S OFFICE
## Restitution Recovery Unit

| Payment Date |
| --- |
| 2/26/2016 |

| Receipt Number |
| --- |
| 16-1331 |

| | |
| --- | --- |
| RRU Number | 16-0409 |
| Court Case | CC-15-000203 |
| Defendant: | Nye, ii, James D |
| Payable To: | Circuit Clerk-G |

| | |
| --- | --- |
| Restitution: | $32,000.00 |
| Court Costs: | $968.70 |
| Admin Fees: | $9,890.61 |
| Total Amount: | $42,859.31 |

Payment Amount:     $76.56   (Other than cash)     Balance Due:               $42,782.75

MARSHALL COUNTY PUNISHMENT & CORRECTIONS AUTHORITY
119 SAND MOUNTAIN DR. WEST
ALBERTVILLE, AL 35950



## NYE, JAMES DONALD

JOURNAL RECEIPT # _____     JOURNAL RECEIPT # _____

GROSS AMOUNT $ _____     GROSS AMOUNT $ _____

NET AMOUNT $ 490.56     NET AMOUNT $ _____

BALANCE BROUGHT FORWARD: $ 0
TOTAL NET INCOME: $ 490.56

| | |
|---|---|
| _____ COURT | $ _____ |
| _____ COURT | $ _____ |
| _____ COURT | $ _____ |
| _____ COURT | $ _____ |
| _____ COURT | $ _____ |
| _____ COURT | $ _____ |
| MCCC 25% PROGRAM FEES | $ 159.91     overcharge |
| MCCC REGISTRATION FEE | $ 40.00 |
| MCCC DRUG TEST | $ 75.00 (20)(20) 23 |
| MCCC TRANSPORTATION | $ 109.00 5 weeks |
| MCCC COMMUNITY SERVICE FEES | $ _____ |
| INMATE CASH DRAW | $ 111.65 |
| | $ _____ |

OTHER

REMAINING BALANCE ON ACCT $ ____0____

_____
MARSHALL COUNTY COMMUNITY CORRECTIONS BOOKKEEPER     ORIGINAL - FILE

COPY - INMATE

**MARSHALL COUNTY PUNISHMENT & CORRECTIONS AUTHORITY**
**119 SAND MOUNTAIN DR. WEST**
**ALBERTVILLE, AL 35950**

## NYE, JAMES DONALD

JOURNAL RECEIPT # _____          JOURNAL RECEIPT # _____

GROSS AMOUNT $ _765.63_          GROSS AMOUNT $ _____

NET AMOUNT:  $ _545.42_          NET AMOUNT:  $ _____

RRD

CC 15 0203 _____ COURT

BALANCE BROUGHT FORWARD: $ _100.00_
TOTAL NET INCOME: $ _645.42_

| | |
|---|---|
| CC 15 0203 COURT | $ 76.56 |
| _____ COURT | $ _____ |
| _____ COURT | $ _____ |
| _____ COURT | $ _____ |
| _____ COURT | $ _____ |
| _____ COURT | $ _____ |
| MCCC 25% PROGRAM FEES | $ 191.41 |
| MCCC REGISTRATION FEE | $ _____ |
| MCCC DRUG TEST | $ 125.00   2/9 2/10 2/10 2/11 2/3 |
| MCCC TRANSPORTATION | $ 16.00   1/6 & 2/3 (2 weeks) |
| MCCC COMMUNITY SERVICE FEES | $ _____ |
| INMATE CASH DRAW | $ 111.45 |
| In House Smoking OTHER | $ 25.00 |

overcharge

REMAINING BALANCE ON ACCT $ _100.00_

_____
MARSHALL COUNTY COMMUNITY CORRECTIONS BOOKKEEPER

ORIGINAL - FILE

COPY - INMATE



### MARSHALL COUNTY PUNISHMENT & CORRECTIONS AUTHORITY
### 119 SAND MOUNTAIN DR. WEST
### ALBERTVILLE, AL 35950

## NYE, JAMES DONALD

JOURNAL RECEIPT #_____          JOURNAL RECEIPT #_____

GROSS AMOUNT $ 742.78                      GROSS AMOUNT $ 68.66

NET AMOUNT:  $ 615.08                      NET AMOUNT:  $ 68.66

CP
DC14 1671   COURT         BALANCE BROUGHT FORWARD: $ 100.00
                          TOTAL NET INCOME: $ 783.74
_____ COURT         $ 142.94
_____ COURT         $_____
_____ COURT         $_____
_____ COURT         $_____
_____ COURT         $_____
_____ COURT         $_____

MCCC 25% PROGRAM FEES     $ 185.70          over charge

MCCC REGISTRATION FEE     $_____

MCCC DRUG TEST            $ 50.00   2/17/18

MCCC TRANSPORTATION      $ 24.00

MCCC reimbursement for cost of   $ 32.70
medicine

INMATE CASH DRAW         $ 185.49
reimbursement of cost of 2nd pair of boots  37.91  (1st pair 70.08
in house smoking          $ 25.00      (2nd pair 107.99)
OTHER
                REMAINING BALANCE ON ACCT $ 100.00

_____
MARSHALL COUNTY COMMUNITY CORRECTIONS BOOKKEEPER        ORIGINAL - FILE

                                                        COPY - INMATE

**McPHERSON & SAPP, LLC**
ATTORNEYS AND COUNSELORS AT LAW
P.O. Box 1016
Oneonta, Alabama 35121-0013
205-625-6650 • Facsimile 205-625-6651

Scott L. McPherson

John Mark Sapp

November 30, 2015

Mr. James D. Nye
1900 Sand Mountain Drive S.W.
Albertville, Alabama  35950

Re: State of Alabama v James D. Nye
CC-15-033

Dear Mr. Nye,

Please find enclosed a certified copy of the Sentencing Order in your Blount County case(s).  Hopefully, you can use them in your effort to start serving your federal sentence.  Good luck to you!

Sincerely,

John Mark Sapp

Enc.
JMS /dpw

210 Third Avenue East • Oneonta, Alabama 35121-0013

DOCUMENT 28



ELECTRONICALLY FILED
3/14/2016 11:17 AM
50-CC-2015-000203.00
CIRCUIT COURT OF
MARSHALL COUNTY, ALABAMA
CHERYL PIERCE, CLERK

## IN THE CIRCUIT COURT OF MARSHALL COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA | ) |
| | ) |
| V. | ) Case No.:      CC-2015-000203.00 |
| | ) |
| NYE JAMES DONALD II | ) |
| Defendant. | ) |

### ORDER

REMOVAL FROM WORK RELEASE filed by STATE OF ALABAMA is hereby GRANTED.  Defendant is ordered to return to the Marshall County Jail and await transfer to the Department of Corrections for failure to comply with Work Release.

**DONE this 14th day of March, 2016.**

/s/ TIM RILEY
**CIRCUIT JUDGE**

# Marshall County Sheriff's Office
## All Confinements And Charges

**Name:** NYE, JAMES DONALD  **ID Number:** 10624  **R/S:** W/M  **Age:** 46

| Booking ID | Original Booking ID | Time Srvd | Admit Date Time | Release Date Time | Admit Code | Rels Code | Juv Booking | Weekender |
|---|---|---|---|---|---|---|---|---|
| 21674 | 21674 | 115 | 11/24/2014 19:10 | 03/19/2015 17:47 | 10 | 70 | ☐ | ☐ |

| Statute | Charge Description | | Charge Status | | | Charge Disposition | | |
|---|---|---|---|---|---|---|---|---|
| | IDENTITY THEFT | | Pre-Trial | | | | | |
| | IDENTITY THEFT | | Pre-Trial | | | | | |
| | IDENTITY THEFT | | Pre-Trial | | | | | |
| | IDENTITY THEFT | | Pre-Trial | | | | | |
| | IDENTITY THEFT | | Pre-Trial | | | | | |
| | IDENTITY THEFT | | Pre-Trial | | | | | |
| | THEFT OF PROPERTY FIRST BY DECEPTION | | Pre-Trial | | | | | |
| | THEFT OF PROPERTY FIRST BY DECEPTION | | Pre-Trial | | | | | |
| | THEFT OF PROPERTY FIRST BY DECEPTION | | Pre-Trial | | | | | |
| | THEFT OF PROPERTY FIRST BY DECEPTION | | Pre-Trial | | | | | |
| | THEFT OF PROPERTY FIRST BY DECEPTION | | Pre-Trial | | | | | |
| 13A-9-13.1 | Insufficient Funds Check (Negotiating Non-Negotiable Worthless Instrument) | | Pre-Trial | | | | | |

| Booking ID | Original Booking ID | Time Srvd | Admit Date Time | Release Date Time | Admit Code | Rels Code | Juv Booking | Weekender |
|---|---|---|---|---|---|---|---|---|
| 22598 | 22598 | 13 | 03/25/2015 19:36 | 04/07/2015 10:02 | 10 | 240 | ☐ | ☐ |

| Statute | Charge Description | | Charge Status | | | Charge Disposition | | |
|---|---|---|---|---|---|---|---|---|
| | RETURN FROM WORK RELEASE | | Pre-Trial | | | | | |

| Booking ID | Original Booking ID | Time Srvd | Admit Date Time | Release Date Time | Admit Code | Rels Code | Juv Booking | Weekender |
|---|---|---|---|---|---|---|---|---|
| 22967 | 22967 | 193 | 05/11/2015 13:55 | 11/20/2015 09:36 | 10 | 70 | ☐ | ☐ |

| Statute | Charge Description | | Charge Status | | | Charge Disposition | | |
|---|---|---|---|---|---|---|---|---|
| | RETURN FROM WORK RELEASE | | Pre-Trial | | | | | |

| Booking ID | Original Booking ID | Time Srvd | Admit Date Time | Release Date Time | Admit Code | Rels Code | Juv Booking | Weekender |
|---|---|---|---|---|---|---|---|---|
| 25783 | 25783 | 1 | 01/01/2016 17:12 | 01/02/2016 14:13 | 10 | 70 | ☐ | ☐ |

| Statute | Charge Description | | Charge Status | | | Charge Disposition | | |
|---|---|---|---|---|---|---|---|---|
| | SERVE 24 HOURS | | Pre-Trial | | | | | |

| Booking ID | Original Booking ID | Time Srvd | Admit Date Time | Release Date Time | Admit Code | Rels Code | Juv Booking | Weekender |
|---|---|---|---|---|---|---|---|---|
| 25802 | 25802 | 0 | 01/05/2016 12:40 | 01/05/2016 15:40 | 10 | 70 | ☐ | ☐ |

| Statute | Charge Description | | Charge Status | | | Charge Disposition | | |
|---|---|---|---|---|---|---|---|---|

| Booking ID | Original Booking ID | Time Srvd | Admit Date Time | Release Date Time | Admit Code | Rels Code | Juv Booking | Weekender |
|---|---|---|---|---|---|---|---|---|
| 26229 | 26229 | 1 | 02/20/2016 03:30 | 02/21/2016 03:30 | 10 | 70 | ☐ | ☐ |

| Statute | Charge Description | | Charge Status | | | Charge Disposition | | |
|---|---|---|---|---|---|---|---|---|
| | SERVE 24 HRS PER CTO | | Pre-Trial | | | | | |

# Marshall County Sheriff's Office
## All Confinements And Charges

| Booking ID | Original Booking ID | Time Srvd | Admit Date Time | Release Date Time | Admit Code | Rels Code | Juv Booking | Weekender |
|---|---|---|---|---|---|---|---|---|
| 26458 | 26458 | 29 | 03/14/2016 14:00 | 04/12/2016 06:30 | 10 | 110 | ☐ | ☐ |

| Statute | Charge Description | Charge Status | Charge Disposition |
|---|---|---|---|
| | RETURN FROM WORK RELEASE | Pre-Trial | |