# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| JAMES DONALD NYE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:16-cv-00806-AKK-HNJ ) |
| MARKITA SHAW, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

The magistrate judge filed a report recommending the defendants' motion for summary judgment based on the failure to exhaust administrative remedies be granted and the plaintiff's motion for summary judgment be denied. Doc. 16. The plaintiff filed objections to the report and recommendation. Doc. 17.

The plaintiff contends the United States Supreme Court and other Circuits do not require prisoners to exhaust available administrative remedies prior to filing a 42 U.S.C. § 1983 action, or require exhaustion only when administrative procedures satisfy certain minimum standards. Doc. 17 at 1-7. However, current Supreme Court precedent overrules and abrogates every case (*id*. at 8) the plaintiff relies upon to support such an argument. Title 42 U.S.C. § 1997e(a) expressly states that "[n]o action shall be brought with respect to prison conditions under section 1983 by a prisoner . . . until such administrative remedies as are available

are exhausted." For the past two decades, the Supreme Court repeatedly has "reject[ed] every attempt to deviate from" § 1997e(a)'s "textual mandate." *Ross v. Blake*, ___ U.S. ___, 136 S. Ct. 1850, 1857 (2016) (citing *Jones v. Bock*, 549 U.S. 199, 203-204, 216-217 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84-85 (2006); *Porter v. Nussle*, 534 U.S. 516, 520, 524 (2002); *Booth v. Churner,* 532 U.S. 731, 741 n.6 (2001)).

The plaintiff also objects to the "report and recommendation in the matter of the Work Release Center in respect to their procedure to address concerns by offenders." Doc. 17 at 8. He alleges "[t]he only remedy policy the [work release] center has is a request form. There is no other form of remedy and the center has no other avenue for complaints[.]" *Id.*[1] He points to defendant Shaw's testimony as quoted in the report, "'If the offender is not satisfied with the response [to his request form] by the Staff, he can appeal to Captain Britt and ultimately to me for the final decision.'" Doc. 16 at 15 (quoting Doc. 13-1 at 6). The plaintiff argues that he "completed," *i.e.* exhausted the "remedy process," because Shaw makes "the final decision" and he "talk[ed]" to her about the "problem of not filling" his medication but "she would not fill or turn in the prescription to his employer."

---

[1] Although it does not appear so, if the plaintiff objects to state that the administrative process consists solely of a request form, he makes this allegation for the first time. Thus, the magistrate judge did not err in reporting the undisputed nature of defendant Shaw's testimony regarding the administrative steps. Further, the plaintiff received notice that his "[o]bjections should not contain new allegations, present additional evidence, or repeat legal arguments." Doc. 16 at 17.

Doc. 17 at 8-9. The plaintiff did not exhaust the process available to him because he undisputedly never filed any written requests or appeals regarding the medications for his work-related injury. Doc. 13-1 at 6; Doc. 15-2 at 12-17.[2] A prisoner must completely exhaust the administrative remedies available to him regardless of whether they meet certain "minimum acceptable standards" of fairness and effectiveness. *Booth v. Churner,* 532 U.S. 731, 740 n.5, 741 (2001).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**. Accordingly, the court **ORDERS** that the defendants' motion for summary judgment is **GRANTED** and the plaintiff's motion for summary judgment is **DENIED**.

**DONE** the 4th day of October, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

---

[2] He contends "this is also the case" for his claims regarding the opening of his legal mail. Doc. 17 at 9. However, the undisputed evidence shows the plaintiff never filed any written requests or appeals complaining about the opening of his mail. Doc. 15-2 at 12-17.